FIDELITY & CASUALTY CO. v. TYLER COTTON OIL CO. (No. 1514.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 24, 1916.)

1. INSURANCE ⟝188(2)—EMPLOYER'S LIABILITY INSURANCE—PAYMENT OF PREMIUMS—SUFFICIENCY OF EVIDENCE.

In suit by an employer's liability insurer for a premium, evidence *held* sufficient to support the finding of the trial court that defendant rendered the insurer true statements of its pay roll in compliance with the terms of its policies and that defendant had paid all premiums due from it under the policies.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 245, 404, 405; Dec. Dig. ⟝188(2).]

2. INSURANCE ⟝183—EMPLOYER'S LIABILITY INSURANCE—LIABILITY FOR PREMIUMS.

Where an employer's liability policy provided that the premium to be paid should be based on the entire compensation of which an estimate was given in the schedule, also expressly providing that it did not cover indemnity to the assured for injury or death suffered by any reason "unless his compensation is included in the estimate set forth in the schedule," the fact that the assured failed to include the salaries of its manager and bookkeeper in its report of compensation paid did not entitle the insurer to recover premiums based thereon, since there was no failure on the part of the assured to pay premium if the salaries of such employés did not

go in the labor record and were not in the estimated compensation given in the schedule as found.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 394; Dec. Dig. ⟝183.]

Appeal from Smith County Court; Jesse F. Odom, Judge.

Suit by the Fidelity & Casualty Company against the Tyler Cotton Oil Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The appellant company issued to appellee an employers' liability policy during the years, respectively, of 1908 and 1909. The amount of compensation paid employés for the period of the policy determined the amount of premium payable for the indemnity provided in the policy. The policy expressly stipulated as follows:

"The premium is based on the entire compensation of which an estimate is given in the schedule. If such compensation exceeds the estimate set forth in the schedule the assured shall immediately pay the company the additional earned premium; if such entire compensation is less than the estimate set forth in the schedule the company will return the unearned premium when determined; but the company shall be entitled to not less than the minimum earned premium specified in condition R."

The "schedule" of the policy of 1908 and 1909 each stated "estimated average number of employés" to be "20," and the "estimated compensation for period of policy" to be "$5,000." The appellant brought the suit under the terms of the policies to recover the amount of additional earned premium, alleging that the entire compensation of employés, as shown by the actual pay roll of appellee, for the period of each policy respectively, exceeded the estimate set forth in the schedules of the policy. The appellee answered that it had made to appellant correct pay roll of compensation paid, and settled with and paid appellant in full for all amounts of premium due each year on the policies. The case was tried before the court, and judgment was entered for appellee.

The policy indemnified the appellee—

"against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered through the assured's negligence, and as the result of an accident occurring while this policy is in force: (a) By any employé or employés of the assured while within the factory, shop, or yard described in the schedule, or upon the sidewalk or other ways immediately surrounding the same provided for the use of such employés or the public, in and during the operation of the trade or business described in the schedule."

The policy provides that the agreement to indemnify is subject to conditions, of which is the following:

"B. This policy does not cover loss from liability for, or any suit based on, injuries or death suffered or caused by: (1) Any person unless his compensation is included in the estimate set forth in the schedule, but this exclusion shall not apply to injuries or death caused by the insured himself, if an individual or any member of the firm if the insured is a partner-

ship, vice president, secretary or treasurer if the insured is a corporation."

The trial court made the finding of fact that the defendant rendered to the plaintiff reports showing compensation paid for the period of time covered by the policies, and that they were statements of its pay roll, and that defendant had paid all premiums due under each policy in compliance with the terms and conditions of the policy.

J. A. Bulloch and B. C. Johnson, both of Tyler, for appellant. Simpson, Lasseter & Gentry, of Tyler, for appellee.

LEVY, J. (after stating the facts as above). [1] There is evidence to support the finding of the trial court that appellee rendered to appellant true statements of its pay roll in compliance with the terms of the policies, and that appellee had paid all premiums due by it under each of the policies. Therefore the assignments of error challenging the action of the court in rendering judgment against appellant must be, it is believed, overruled. The president and manager of appellee testified:

"That the policies introduced in evidence were the ones, or copies of the ones, that had been issued to the Tyler Cotton Oil Company by plaintiff, and that the reports made under said policies are the reports made by him to plaintiff. That, at the time he made the reports, he took from the books of the Tyler Cotton Oil Company all the labor included in said policies and made a full, true and correct report of it. That no other labor had been paid for by the Tyler Cotton Oil Company except as reported by him under these reports. That he personally made the reports and knew they were correct as shown by and reflected by the books. That the additional premium was paid. That frequently the employés of the Tyler Canning Company would be paid off at the Tyler Cotton Oil Company's office, and that the amounts paid to the employés of the canning company would be entered upon the books of the oil company. That if the witness Allen in his examination of the books found the figures testified to by him, then they included amounts paid to employés of canning company. * * * That the salaries of the bookkeeper and manager amounting to about $2,500 per year, was not included in the report made by him to the company under either one of the policies, and did not show on the payrolls for labor; and that at the time these policies were taken out he did not intend to include the salary of the bookkeeper and manager, and their salaries did not go on the labor record."

[2] The fact that the reports of the compensation paid omitted and did not include the salaries of the manager and the bookkeeper would not, it is thought, entitle appellant to recover premiums based thereon. There is not failure on the part of the appellee to pay premium as contracted if the salaries of such persons "did not go on the labor record" and were not in the estimated compensation given in the schedule, as comprehended in the court's finding. It was contracted, as provided in the policy, that the premium to be paid for the indemnity should be based "on the entire compensation of which an estimate is given in the schedule." And the policy expressly provides that it does not cover indemnity to the assured for injury or death suffered by any reason "unless his compensation is included in the estimate set forth in the schedule." It was therefore reasonably meant by the parties that the premium payable was to be based on the entire compensation of all such employés engaged in the business whose compensation was actually included in the estimate set forth in the schedule.

The judgment is affirmed.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes